IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| INNOCENT TAWANDA MSEMBURI, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:26-CV-00576 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| DHS/ICE OF CHIEF COUNSEL, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Innocent Tawanda Msemburi (Msemburi)'s *pro se* Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Msemburi is a foreign national who entered the United States in 2017 and was detained by immigration authorities in January 2026. *See* [Dkt. 1]. *Id.* Msemburi brought a habeas corpus petition on August 3, 2026, claiming to be detained in violation of federal law. *See id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Msemburi argues that his detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2003), because he has been detained for "over six months." [Dkt. 1]. He is mistaken. *Zadvydas* held that detention is presumptively unreasonable if it lasts for longer than six months after the issuance of a final removal order. 533 U.S. at 701. Here, Msemburi's removal order is before the Board of Immigration Appeals and has not become final. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) (holding that a removal order becomes administratively final only once affirmed by Board of Immigration Appeals or once appeal period lapses). Accordingly, Msemburi's detention is not unlawful under *Zadvydas*.

### IV. CONCLUSION

It is therefore **ORDERED** that Msemburi's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 11th day of August, 2026.**

_____
Michael J. Truncale
United States District Judge

2